[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2006
THOMAS K. KAHN
CLERK

No. 05-13491
Non-Argument Calendar

_____

D. C. Docket No. 04-00252-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACKERY SHANNON,
a.k.a. Yah Cooh,
a.k.a. Ontario Krum,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 16, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Zackery Shannon appeals the decision of the district court to sentence him as a career offender based on "two prior felony convictions of either a crime of violence or a controlled substance offense" within 15 years of the instant offense. U.S.S.G. § 4B1.1. Although Shannon committed the prior offenses outside the 15-year window preceding the instant offense, the convictions counted because the sentences imposed for those convictions resulted in Shannon being incarcerated during some part of the 15-year window. See U.S.S.G. § 4A1.2(e)(1). Shannon admitted at sentencing that he "technically" qualified as a career offender, but now argues that his sentence is erroneous and unconstitutional. We affirm.

## I. BACKGROUND

Three offenses in Shannon's criminal history—two prior offenses and the instant offense—are central to this appeal. Shannon committed the first offense in May 1986 and was sentenced to one year of probation. In August 1986, Shannon's probation officer filed an affidavit of violation of probation and, approximately four-and-a-half years later, in March 1991, the government held a revocation hearing. Shannon's probation was revoked, and he was sentenced to 18 months of imprisonment. Shannon was released in July 1991.

In the meantime, Shannon committed the second offense, in April 1988, and was sentenced to 90 days of imprisonment and five years of probation. In October

2

1988, Shannon's probation was revoked and he was sentenced to 20 months of imprisonment. Shannon was released in December 1989. Shannon committed the instant offense in July 2004 and pleaded guilty.

The presentence investigation report recommended that Shannon be sentenced as a career offender. The government explained at sentencing that one reason it had agreed to recommend a sentence at the low end of the sentencing guidelines was that Shannon "faced the uncertainty of that career offender issue." Shannon's attorney stated that he was troubled by the career offender designation, but admitted that Shannon "meets the requirements of a career offender . . . [although in] a very technical manner." The district court sentenced Shannon to 156 months of imprisonment and five years of supervised release. Shannon waived "any objections to the finding of fact, conclusions of law or to the manner in which the sentence was pronounced."

## II. STANDARD OF REVIEW

When a defendant waives an objection in the district court, we review that objection on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

## III. DISCUSSION

Shannon argues there is "no reasonable temporal nexus" between the two

prior convictions and the instant offense and his sentence is unconstitutional. We first discuss whether the district court correctly applied the career offender provision of the sentencing guidelines. We next discuss whether Shannon's arguments have merit.

A defendant who is at least 18 years old when he commits an offense "is a career offender if . . . the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense . . . and . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1; see United States v. Cornog, 945 F.2d 1504, 1507 (11th Cir. 1991). Prior felony convictions under section 4B1.1 are counted using the definitions and instructions for computing criminal history in section 4A1.2. U.S.S.G. § 4B1.2 cmt. n.3. A prior conviction is "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). A prior conviction is counted when "imprisonment exceeding one year and one month . . . was imposed within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). A prior conviction also is counted when "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period."

4

Id.

Sentences imposed upon revocation of probation can "affect the time period under which sentences are counted under [section] 4A1.2(e)(1) [of the sentencing guidelines]." Cornog, 945 F.2d at 1510. "In the case of a prior revocation of probation . . . [or] parole . . . [the sentencing court should] add the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S.S.G. § 4A1.2(k)(1). "Thus, the court ordinarily should count a conviction that is imposed, and on which the defendant is paroled, outside the window, when the defendant later—within the window—is incarcerated for breaching the conditions of his parole." Cornog, 945 F.2d at 1510.

The district court correctly applied the sentencing guidelines in sentencing Shannon as a career offender. Because Shannon committed the instant offense in July 2004, the 15-year window for prior offenses opened in July 1989. Shannon committed the first prior offense in May 1986 and the second prior offense in April 1988. When Shannon violated his probation for each offense, he received sentences of more than one year and one month of imprisonment that respectively ended July 1991 and December 1989. Because both "prior sentence[s] of imprisonment exceed[ed] one year and one month" and "resulted in [Shannon] being incarcerated" anytime after July 1989, the district court did not err in

5

counting the prior convictions toward Shannon's career offender status.

Shannon erroneously argues that there is "no reasonable temporal nexus" between the two prior convictions and the instant offense. Because "reasonable" takes its meaning directly from the relevant provisions of the sentencing guidelines, which designate Shannon as a career offender, this argument fails. Shannon also argues that his designation as a career offender is inconsistent with the "spirit" of the career offender laws because counting a sentence imposed upon revocation of probation is "tantamount to turning a probation violation into a 'crime of violence' or 'controlled substance offense.'" This flawed argument ignores both section 4A1.2(k)(1) of the sentencing guidelines and our view that "a court ordinarily should count a conviction that is imposed, and on which the defendant is paroled, outside the window, when the defendant later—within the window—is incarcerated for breaching the conditions of his parole." Cornog, 945 F.2d at 1510. Shannon's bare assertion that counting the two prior convictions "is not consistent with constitutional due process of law" also fails.

We recently declined to recognize an exception to counting prior convictions where the prior convictions fell within the relevant window solely because conviction and sentencing were delayed. See United States v. Adams, 403 F.3d 1257, 1260 (11th Cir. 2005). In Adams, the district court increased the defendant's

6

criminal history score based on a prior conviction within 10 years of the instant offense. The defendant committed the prior offense outside the 10-year window, but, due to a "a busy state-court docket," was not convicted and sentenced until seven months later. Id. at 1259. The delay caused the conviction to come within the ten-year window. On appeal, "[w]e decline[d] [the defendant's] invitation to recognize an exception to the 10-year rule where, due to an alleged backlog in the state-court system in which he was convicted, imposition of the sentence for his prior conviction was delayed." Id. at 1260. We reasoned that such an exception would be contrary to the "plain and ordinary meaning" of the sentencing guidelines. Id. As Shannon observes, the delay in sentencing in his case was longer than in Adams, but Shannon fails to explain why the reasoning in Adams does not apply with equal force in his case.

## IV. CONCLUSION

The district court did not err, plainly or otherwise, in sentencing Shannon as a career offender.

**AFFIRMED.**

7