[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 2, 2006
THOMAS K. KAHN
CLERK

No. 06-13241
Non-Argument Calendar

_____

D. C. Docket No. 05-00043-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES D. GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 2, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

James D. Gordon appeals his sentence following his guilty plea to

conspiracy to distribute and possess with the intent to distribute more than 500

grams of a mixture containing "MDMA" or "ecstasy," in violation of 21 U.S.C.

§§ 841(b)(1)(B)(ii) and (C) and 846, and possessing a firearm and ammunition as a

convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Gordon was

sentenced as a career offender based on his prior convictions for aggravated battery

with a deadly weapon and carrying a concealed firearm. On appeal, Gordon argues

that the district court erred in classifying him as a career offender because the

sentence for his aggravated battery conviction was imposed more than 15 years

before commencement of the instant offense. He further argues that three criminal

history points should be deducted from his criminal history score because the

aggravated battery conviction should not have been counted.

A district court's decision to classify a defendant as a career offender under

U.S.S.G. § 4B1.1 is reviewed de novo. United States v. Gibson, 434 F.3d 1234,

1243 (11th Cir.), cert. denied, 126 S.Ct. 2911 (2006). Pursuant to § 4B1.1, a

defendant is a career offender when:

> (1) the defendant was at least eighteen years old at the time the
> defendant committed the instant offense of conviction; (2) the instant
> offense of conviction is a felony that is either a crime of violence or a
> controlled substance offense; and (3) the defendant has at least two
> prior felony convictions of either a crime of violence or a controlled
> substance offense.

U.S.S.G. § 4B1.1(a).

Prior felony convictions under § 4B1.1 are counted using the definitions and instructions for computing criminal history in § 4A1.2. U.S.S.G. § 4B1.2, comment n.3; see United States v. Shannon, 449 F.3d 1146, 1148 (11th Cir. 2006). A prior conviction is "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1); see Shannon, 449 F.3d at 1148. A prior conviction counts only if "imprisonment exceeding one year and one month . . . was imposed within fifteen years of the defendant's commencement of the instant offense[.]" U.S.S.G. § 4A1.2(e)(1) (emphasis added). In the context of a conspiracy, however, we count back from the date last alleged as part of the conspiracy, unless the district court makes a specific finding concerning when the co-conspirators reached an agreement. United States v. Cornog, 945 F.2d 1504, 1509-10 (11th Cir. 1991). A prior conviction also counts when "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1); see Shannon, 449 F.3d at 1148.

"Sentences imposed upon revocation of probation can affect the time period under which sentences are counted under section 4A1.2(e)(1)." Shannon, 449 F.3d at 1148 (internal quotations omitted). "Thus, the court ordinarily should count a

3

conviction that is imposed, and on which the defendant is paroled, outside the window, when the defendant later-within the window- is incarcerated for breaching the conditions of his parole." Id.  In Shannon, Shannon committed two prior felony offenses outside the 15-year window, but violated his probation for each offense, resulting in incarceration for each offense, within the 15-year period.  Id. We held that the district court correctly applied the guidelines in sentencing Shannon as a career offender because both of Shannon's prior convictions resulted in him being incarcerated within the 15-year window for prior offenses.  Id.

Here, because the instant offense involved a conspiracy, the 15-year window for prior offenses opened on the last date of the alleged conspiracy, which was May 20, 2005.  Although Gordon was convicted of the aggravated battery offense in June 1989, outside the 15-year window for predicate career offender convictions, Gordon's probation was revoked, and he was incarcerated until January 29, 1993, which was within the 15-year window.  Therefore, pursuant to U.S.S.G. § 4A1.2(e)(1), because Gordon was incarcerated within the 15-year window for violating his probation with respect to his 1989 aggravated battery conviction, that conviction counts as a prior violent felony for purposes of the career offender provision.  Gordon's argument concerning the applicable criminal history points is moot because, as discussed above, the district court correctly

4

applied the career offender enhancement and properly included the aggravated battery conviction in his criminal history score. Accordingly, the district court did not err in sentencing Gordon as a career offender.

Gordon also argues that the district court erred in imposing a guideline-range sentence because the sentence does not reflect his true conduct. Gordon further contends that the district court imposed the sentence under a mandatory guideline scheme, in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (brackets in original) (citation omitted). In determining a reasonable sentence, the district court is to be guided by the § 3553(a) factors. Booker, 543 U.S. at 261, 125 S.Ct. at 765-66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate

5

deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

Although the district court must be guided by these factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 787-88. We recently held that "a district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors that the court must also consider in calculating the defendant's sentence." United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788.

As a preliminary matter, Gordon's contention that the district court sentenced him under a mandatory guideline scheme is without merit. Gordon was sentenced after <u>Booker</u>, and the court explicitly stated that the guidelines were only advisory.

Further, Gordon failed to carry his burden of showing that his sentences were unreasonable. Here, the record reveals that the district court adequately and properly considered the § 3553(a) sentencing factors as well the advisory guideline range in sentencing Gordon. First, as in <u>Scott</u>, the district court explicitly stated that it had considered the § 3553(a) factors. Second, the court demonstrated its explicit consideration of many of the sentencing factors, including (1) Gordon's history and characteristics, (2) the nature and circumstances of the offense, (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate deterrence, and (4) the policy statements issued by the Sentencing Commission. The court did not need to state on the record its explicit consideration of every § 3553(a) factor, nor did it need to address every argument for a variance. Third, Gordon's assertion that he has not maintained the life of a career criminal is without merit because his criminal record is serious and spans many years. Finally, the court imposed sentences at the low end of the guideline range, and, for the reasons discussed

7

above, nothing in the record suggests that the low-end sentences were unreasonable.

Upon review of the record on appeal and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**