

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# USA v. Todd

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Todd" (2008). *2008 Decisions.* Paper 900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1807

UNITED STATES OF AMERICA

v.

JOHN TODD,
            Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 03-cr-00703
(Honorable Joseph A. Greenaway)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before: SCIRICA, *Chief Judge*, BARRY and HARDIMAN, *Circuit Judges*.

(Filed July 7, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

John Todd appeals his criminal sentence and conviction. We will affirm.[1]

---

   [1]Todd's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as court-appointed counsel.

Todd pleaded guilty under a plea agreement to two counts of distribution and possession with intent to distribute 500 grams or more of cocaine and quantities of Flunitrazepam (Rufinal) in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B) and 21 U.S.C. §§ 841(a)(1)&(b)(1)(C). The court found Todd's total offense level was 31 with a corresponding guideline range of 188 to 235 months,[2] and sentenced Todd to 120 months incarceration.

The plea agreement included a conditional waiver of appeal. Under the plea agreement, Todd waived his right to file any appeal, collateral attack, or any other writ or motion under 18 U.S.C. § 3742 or 28 U.S.C. § 2255 challenging his sentence so long as it fell within or below the guidelines range resulting from an offense level of 29. The Government waived the right to appeal if the court imposed a sentence within or above the guidelines range resulting from an offense level of 29. Todd was specifically given notice in the plea agreement he could be designated by the District Court as a career criminal. Accordingly, both Todd and the Government reserved any right under 18 U.S.C. § 3742 to appeal the court's determination of criminal history. Defense counsel and the court explained to Todd the proposed plea agreement, his right to a jury trial, the risks associated with trial and pleading, and the advisory nature of the sentencing guidelines. Todd entered his plea knowingly, intelligently, and voluntarily.

---

[2]The base offense level was 34 because the court designated Todd a career criminal under U.S.S.G. § 4B1.1. The court then applied a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

The court found Todd's total offense level was 31 with a corresponding guideline range of 188 to 235 months. When given the opportunity to offer mitigating factors, defense counsel argued four factors: 1) Todd's prior incarceration in a state facility was particularly hard because of the poor conditions, 2) lengthy incarceration would be an emotional hardship on Todd's family, 3) Todd cooperated with the Government, and 4) Todd received threatening letters regarding his cooperation with the Government. The court granted the Government's U.S.S.G. § 5K1.1 motion for consideration of Todd's substantial assistance. The court then sentenced Todd to 120 months incarceration, departing downward from the guideline minimum of 188 months. Additionally, the sentence departed downward from the offense level 29 guideline range of 151-188 months. Therefore, Todd's sentence falls with the range of months stipulated in the plea agreement.

Our review reveals defense counsel thoroughly considered all plausible bases for appeal and explained in the *Anders* brief why such issues were legally frivolous.[3]

---

[3]At sentencing, defense counsel argued against the inclusion of a 1988 conviction in the career criminal determination because Todd was initially sentenced to probation rather than imprisonment for that offense. Counsel argued because the sentence was probation, it did not meet the requirements of § 4A1.2. On appeal, counsel raised the issue in the *Anders* brief.

An appeal on a matter of law is frivolous if "none of the legal points are arguable on their merits." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). The Fourth Circuit directly addressed this issue in *United States v. Romary*, 246 F.3d 339 (4th Cir. 2001). In *Romary*, the court held an offense initially punished by probation, which is subsequently revoked and punished by imprisonment exceeding the term indicated in § 4A1.2, must be included as a predicate felony for the purposes of the career criminal

(continued...)

3

Counsel examined the guilty plea colloquy transcript, the sentencing transcript, the Presentence Investigative Reports, and other documents. Todd knowingly and voluntarily entered into the guilty plea agreement, waiving his Constitutional rights. Todd acknowledged he understood the charges and essential elements to which he pleaded guilty. The District Court's sentence was 68 months below the guideline minimum. Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.

Todd also submitted a brief raising ineffective assistance of counsel and a motion requesting appointment of new counsel. We do not ordinarily consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

For the foregoing reasons, we will affirm the judgment and sentence of the District Court. Defense counsel's motion to withdraw is granted.

---

[3](...continued)
calculation. *Id.* at 343. The same issue was also addressed by the Eleventh Circuit in *United States v. Shannon*, 449 F.3d 1146 (11th Cir. 2006). The court upheld the lower court's inclusion of an offense as a predicate felony under U.S.S.G. § 4B1.1, which was initially punished by probation but subsequently revoked and punished by imprisonment. *Id.* at 1148. Accordingly, because the guideline provisions at issue are unambiguous, and the reasoning in *Romary* and *Shannon* is persuasive, we find this issue in this case has no merit.