**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4936**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID BELTRAN ZUNIGA,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00200-NCT-6)

_____

Submitted: April 22, 2010          Decided: June 29, 2010

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Beltran Zuniga pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). The district court calculated Zuniga's Guidelines range at 121 to 151 months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") (2007 & Supp. 2008), and sentenced Zuniga to 136 months' imprisonment. Zuniga now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that the appeal is frivolous, but questioning whether the district court erred in enhancing Zuniga's base offense level three levels under USSG § 3B1.1(b) for his role in the conspiracy. Zuniga has filed a pro se supplemental brief raising the same challenge. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Because Zuniga did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Zuniga's guilty plea and that the court's

2

omissions did not affect Zuniga's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Zuniga entered the plea voluntarily and with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error.

Turning to Zuniga's sentence, we review it under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not

3

be elaborate or lengthy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010).

If the sentence is free from procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

Counsel and Zuniga question whether the district court erred in enhancing Zuniga's offense level three levels under USSG § 3B1.1(b) for his role in the offense. In assessing a challenge to the district court's application of the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de novo. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009). A defendant qualifies for a three-level enhancement in his offense level if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). After reviewing the factual basis

4

supporting Zuniga's guilty plea and the presentence report adopted by the district court, we conclude that they sufficiently establish that Zuniga was a manager of criminal activity that involved over five participants. The district court properly applied the role enhancement.

Further, we conclude that the district court did not otherwise commit reversible procedural error in imposing Zuniga's sentence. The court correctly calculated the advisory Guidelines range and heard argument from counsel and allocution from Zuniga. The court considered relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense. Further, neither counsel nor Zuniga offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 136 months' imprisonment is substantively reasonable.

We therefore affirm the district court's judgment. This court requires that counsel inform Zuniga, in writing, of the right to petition the Supreme Court of the United States for further review. If Zuniga requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Zuniga.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>