**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5178**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       and

ARTHUR ANDERSEN, LLP; AOL, Inc.

             Parties-in-Interest,

       v.

CHARLES E. JOHNSON, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Liam O'Grady, District Judge.  (1:05-cr-00012-LO-2)

Submitted:  May 27, 2010          Decided:  July 12, 2010

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark H. Allenbaugh, ALLENBAUGH SAMINI GHOSHEH, LLP, Irvine, California, for Appellant.   Dana J. Boente, United States Attorney, Timothy D. Belevetz, Charles F. Connolly, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial, Charles E. Johnson was convicted of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (2006), securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff (2006); 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2 (2006), tampering with a witness, in violation of 18 U.S.C.A. § 1512(b)(3) (West 2000 & Supp. 2010), and obstruction of an official proceeding, in violation of 18 U.S.C.A. § 1512(c)(2). He was sentenced to 108 months' imprisonment and ordered to pay $9.7 million in restitution, of which $6.7 million he was jointly and severably liable. We affirm.

Johnson's argument that the venue in the Eastern District of Virginia for Count Three was improper was previously considered and rejected by this court. See United States v. Johnson, 510 F.3d 521 (4th Cir. 2007). It is well-settled that this panel cannot overrule a prior decision, only an en banc court may overrule a prior panel decision. See Jones v. Angelone, 90 F.3d 900, 905 (4th Cir. 1996).

We reject Johnson's sentencing arguments. This court reviews Johnson's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, the court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)

3

the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted). Once this court has determined that the sentence is free of procedural error, it must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In assessing a challenge to the district court's application of the Sentencing Guidelines, this court reviews a

4

district court's factual findings for clear error and its legal conclusions de novo. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009). A sentencing court is to make factual findings by a preponderance of the evidence. United States v. Jeffers, 570 F.3d 557, 570 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009). These factual findings will be reversed only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

Johnson's argument that U.S. Sentencing Guidelines Manual § 2F1.1 (2000) is irrational and unreasonable is without merit.[*] Furthermore, Johnson did not raise this issue before the district court and review is for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010). Johnson must show (1) an error, (2) that was plain, and (3) that affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if he makes that showing, this Court will consider the error "only if seriously affects the fairness, integrity and public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 731 (1993). We find no error.

---

[*] USSG § 2F1.1 was deleted in 2001 and replaced by USSG § 2B1.1.

5

We further find no error in the district court's finding that the amount of loss for sentencing purposes was $9.7 million. Whether the district court used the clear and convincing standard of proof or the preponderance of the evidence standard of proof in arriving at the amount of loss and the other enhancement, the evidence supporting these findings was clearly sufficient. As a result of Johnson receiving these funds, either for his own use or to pass onto a third party, PurchasePro, Incorporated, suffered substantial pecuniary harm.

We find no merit to Johnson's argument that the Fifth Amendment requires that the facts supporting sentencing enhancements be found by the court using the beyond-a-reasonable-doubt standard. See United States v. Grubbs, 585 F.3d 793 (4th Cir. 2009), cert. denied, __ S. Ct. __ (2010) (No. 09-9104) (rejecting Appellant's argument that the Fifth Amendment requires a higher standard of proof at sentencing); see also United States v. Villareal-Amarillas, 562 F.3d 892, 897 (8th Cir. 2009); United States v. Jones, 489 F.3d 243, 250 (6th Cir. 2007); United States v. Grier, 475 F.3d 556, 561 (3d Cir. 2007); United States v. White, 472 F.3d 458, 464 (7th Cir. 2007).

Finally, we find no procedural or substantive error with Johnson's sentence. The district court clearly considered Johnson's arguments for a below-Guidelines sentence and balanced

his claims against his criminal conduct, his attempts to obstruct justice and the need to deter other leaders of publicly held corporations from engaging in similar conduct.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7