**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4893**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DUANE HAMELINK,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:10-cr-00042-RJC-1)

Submitted:  May 24, 2012              Decided:  June 8, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dianne Jones McVay, JONES MCVAY LAW FIRM, PLLC, Charlotte, North
Carolina, for Appellant.  Jenny Grus Sugar, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Hamelink pled guilty, pursuant to a written plea agreement, to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006), and was sentenced to 27 months' imprisonment. On appeal, Hamelink's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts that she has found no meritorious issues, but questions the constitutionality of the sentencing enhancement Hamelink received for the amount of tax loss. Although advised of his right to file a pro se supplemental brief, Hamelink has not done so. For the reasons that follow, we affirm.

Hamelink, and his wife Eileen, owned and operated a residential carpentry business in Charlotte, North Carolina. At his guilty plea hearing, Hamelink admitted that, despite earning substantial income from his business, he failed to file any income tax returns. Hamelink also admitted that he had taken a variety of steps to conceal his income and assets from the IRS, including the use of bogus trusts, nominee entities, and related domestic and foreign bank accounts. In the plea agreement, Hamelink stipulated that the amount of tax loss known, or reasonably foreseeable, to him was more than $1 million but less than $2.5 million, and that the base offense level was 22. See U.S. Sentencing Guidelines Manual (USSG) § 2T4.1

(2010).  After a two-level enhancement for use of sophisticated means, USSG § 2T1.1(b)(2), and a three-level reduction for acceptance of responsibility, USSG § 3E1.1, Hamelink's total offense level was 21.  With a criminal history category of I, Hamelink's advisory Guidelines range was 37-46 months' imprisonment.  However, the district court granted a three-level downward departure, resulting in a total offense level of 18, with a corresponding guidelines range of 27-33 months imprisonment.  The court imposed a sentence at the bottom of the range.  Hamelink timely appealed.

Counsel questions whether USSG § 2T4.1 is unconstitutional because it allows inclusion of penalties and interest assessed by the IRS in calculating amount of loss attributed for sentencing purposes.  Counsel concedes, however, that:  (1) Hamelink stipulated to the amount of loss in the plea agreement; and (2) there is no case law supporting her argument.

This court reviews Hamelink's sentence for reasonableness "under a deferential abuse-of-discretion" standard.  Gall v. United States, 552 U.S. 38, 41, 51 (2007).  In conducting this review, we must ensure that the district court correctly calculated the defendant's Guidelines sentence.  Id. at 49, 51.  When reviewing the district court's application of the Guidelines, this court reviews legal conclusions de novo and factual findings, such as loss

3

calculations, for clear error. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009); see also United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("In reviewing [a] loss calculation, we review de novo the district court's interpretation of what constitutes 'loss,' while accepting the calculation of loss absent clear error."). The Government need only establish the tax loss amount by a preponderance of the evidence. United States v. Mehta, 594 F.3d 277, 282 (4th Cir. 2010). Here, Hamelink stipulated to the amount of tax loss and is therefore bound by that admission. In any event, inclusion of penalties and interest in calculating tax loss was not erroneous.

"Tax loss," within the meaning of USSG § 2T2.1 is the amount of taxes that the taxpayer "failed to pay or attempted not to pay." USSG § 2T2.1(a). Section 2T4.1(c) provides that: "'tax loss' does not include penalties and interest except in cases of willful evasion under either 26 U.S.C. §§ 7201 or 7203." Hamelink clearly willfully evaded income taxes, as that was the primary goal of the conspiracy. Accordingly, these amounts were properly counted in amount of tax loss. Moreover, it is well established that the additions to tax for penalties and interest are civil, not criminal, in nature, and therefore do not implicate double jeopardy. See Helvering v. Mitchell, 303 U.S. 391 (1938).

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hamelink's conviction and sentence. This court requires that counsel inform Hamelink, in writing, of the right to petition the Supreme Court of the United States for further review. If Hamelink requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hamelink.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>