**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4332**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

IVAN ALTAMIRANO PEREZ,

　　　　　Defendant - Appellant.

───────────

**No. 13-4333**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ROBERTO MORALES PEREZ,

　　　　　Defendant - Appellant.

───────────

Appeals from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:11-cr-00414-WDQ-1; 1:11-cr-00414-WDQ-2)

───────────

Submitted:  March 31, 2014　　　　　Decided:  May 1, 2014

───────────

Before MOTZ and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

No. 13-4332 affirmed; No. 13-4333 vacated and remanded by unpublished per curiam opinion.

---

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore, Maryland; Richard B. Bardos, SCHULMAN, TREEM, KAMINKOW & GILDEN, PA, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Tamera L. Fine, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Morales Perez ("Roberto Morales") pled guilty pursuant to a written plea agreement to conspiracy to commit identification document fraud, in violation of 18 U.S.C. §§ 1028(c)(1), (f) (2012) (count one), Social Security number fraud, in violation of 18 U.S.C. § 2 (2012) and 42 U.S.C. § 408(a)(7)(C) (2012) (count ten), and fraud and misuse of immigration documents, in violation of 18 U.S.C. §§ 2, 1546 (2012) (count eleven). The district court calculated Roberto Morales' Guidelines range at seventy to eighty-seven months' imprisonment, enhancing his offense level six levels under U.S. Sentencing Guidelines Manual ("USSG") § 2L2.1 cmt. n.5 (2012), and sentenced him to concurrent terms of seventy-two months' imprisonment on counts one and eleven and a concurrent term of sixty months' imprisonment on count ten. Ivan Altamirano Perez ("Ivan Altamirano") pled guilty to conspiracy to commit identification document fraud, in violation of 18 U.S.C. §§ 1028(c)(1), (f) (count one), two counts of transferring false identification documents, in violation of 18 U.S.C. §§ 2, 1028(a)(2), (c)(1) (counts three and six), two counts of Social Security number fraud, in violation of 18 U.S.C. § 2 and 42 U.S.C. § 408(a)(7)(C) (counts four and seven), and two counts of fraud and misuse of immigration documents, in violation of 18 U.S.C. §§ 2, 1546 (counts five and

3

eight). The district court calculated Ivan Altamirano's Guidelines range at seventy-eight to ninety-seven months' imprisonment, enhancing his offense level four levels under USSG § 3B1.1(a) for his aggravating role, and sentenced him to concurrent terms of ninety-seven months' imprisonment on counts one, three, five, six, and eight and concurrent terms of sixty months' imprisonment on counts four and seven. On appeal, Defendants challenge the application of the four-level and six-level enhancements.

We review Ivan Altamirano's and Roberto Morales' sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). When reviewing a sentence for reasonableness, we must ensure that the district court correctly calculated the defendant's Guidelines range. Id. at 49, 51. Miscalculation of the Guidelines range qualifies as a significant procedural error. Id. at 51; United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008) ("An error in the calculation of the applicable Guidelines range, whether an error of fact or of law, infects all that follows at the sentencing proceeding, including the ultimate sentence chosen by the district court, and makes a sentence procedurally unreasonable."). In assessing a challenge to the district court's application of the Guidelines, we review legal

4

conclusions de novo and factual findings for clear error. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009).

Ivan Altamirano contends that the district court erred in enhancing his offense level under USSG § 3B1.1(a), arguing that the enhancement was supported only by out-of-court statements told to a special agent who testified at the evidentiary hearing in the district court and that the Government did not meet its burden to show he qualified for the enhancement. A defendant qualifies for a four-level enhancement to his offense level if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The district court's determination that a defendant was an organizer or leader is a factual matter reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011).

After review of the parties' briefs and the record, we find no reversible procedural error in the district court's application of the four-level enhancement to Ivan Altamirano. A sentencing court properly may "consider 'any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy.'" United States v. Powell, 650 F.3d 388, 392 (4th Cir. 2011) (quoting United States v.

5

<u>Wilkinson</u>, 590 F.3d 259, 269 (4th Cir. 2010)). Here, in applying the four-level enhancement to Ivan Altamirano, the district court relied on out-of-court statements of cooperating individuals relayed to the special agent. The court also relied on statements in exhibits admitted into evidence, the accuracy and reliability of which are not contested, and the agent's testimony based on his investigatory involvement and personal observations. These latter two categories of evidence corroborate the statements of the cooperating individuals identifying Ivan Altamirano as the leader of a fake document manufacturing organization.

Further, the evidence, taken together, easily supports the finding that Ivan Altamirano was a leader of criminal activity. He was identified as a leader of a fake document manufacturing organization by multiple cooperating individuals. He controlled the activities of the organization's document salesman and rotated responsibility for and the right to receive proceeds from the sales of fake documents generated with the organization's two other leaders. He had involvement in the logistics of the organization, subletting and paying for the room that served as the organization's mill for manufacturing the fake documents, and there is no dispute that more than five individuals were involved in the criminal activity. We therefore conclude that the district court did not reversibly

6

err in enhancing Ivan Altamirano's offense level four levels under USSG § 3B1.1(a). See United States v. Jones, 356 F.3d 529, 538 (4th Cir. 2004) (affirming application of four-level enhancement where defendant recruited dealers, controlled allocation of drugs to dealers, determined how profits were divided, and handled the logistics and arrangements for the transactions); United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (affirming application of enhancement where defendant "directed the activities of other members of the drug ring and facilitated the criminal enterprise by renting apartments, acquiring pagers, hiring a lawyer for a codefendant, and paying for the bond of another codefendant").

Roberto Morales challenges the application by the district court of the six-level upward departure to his offense level under USSG § 2L2.1 cmt. n.5. Section 2L2.1 of the Guidelines contains enhancements for document-trafficking offenses based on the number of documents involved. USSG § 2L2.1(b)(2). The maximum enhancement is nine levels, for offenses involving 100 or more documents. USSG § 2L2.1(b)(2)(A)-(C). Application Note 5 to the Guideline states: "If the offense involved substantially more than 100 documents, an upward departure may be warranted." USSG § 2L2.1 cmt. n.5.

Roberto Morales stipulated in his plea agreement that a nine-level enhancement to his offense level was warranted under USSG § 2L2.1(b)(2)(C) because his offense involved "100 or more" documents. The district court applied a six-level upward departure under USSG § 2L2.1 cmt. n.5 based on its determination that the number of documents involved was 9900. After review of the record, however, we conclude that this determination was not supported by the evidence of record. The district court reduced the number of fake permanent resident identification cards the document manufacturing organization could produce based on the available printing supplies (12,375) by what it determined to be an organization-wide printing "error rate" of twenty percent (2475) to arrive at the figure of 9900. Nothing in the record, however, including hearsay adduced at the evidentiary hearing, supports the district court's determination regarding this error rate.

We reject as unpersuasive the Government's arguments that the district court's application of the six-level enhancement was supported by its evidence estimating the number of documents for purposes of USSG § 2L2.1 cmt. n.5 at between 10,000 and 13,500. We further conclude that the district court's calculation error was not harmless. See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011); United States v. Mehta, 594 F.3d 277, 283 (4th Cir. 2010).

8

The record does not support the conclusion that Roberto Morales would have received the same sentences had the district court not applied the six-level upward departure based on its clearly erroneous calculation of 9900 documents.

Accordingly, in No. 13-4332, we affirm the district court's judgment. In No. 13-4333, we vacate the district court's judgment and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 13-4332 AFFIRMED
No. 13-4333 VACATED AND REMANDED

---

[*] By our disposition, we indicate no view as to the appropriate sentence to be imposed on remand.