PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.                                    No. 00-4460

DELL LLOYD ROMARY,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-102)

Argued: January 26, 2001

Decided: April 10, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

Vacated and remanded by published per curiam opinion.

## COUNSEL

**ARGUED:** Kenneth Davis Bell, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellant.
David Ross Lange, Charlotte, North Carolina, for Appellee. **ON
BRIEF:** Mark T. Calloway, United States Attorney, Brian Lee Whis-
ler, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellant.

**OPINION**

PER CURIAM:

This appeal raises the question of whether a particular prior conviction properly was discounted in determining whether the defendant is a career offender under section 4B1.1 of the federal Sentencing Guidelines.

I.

In 1999, the defendant, Dell Romary, pled guilty to two counts of bank robbery. The Presentence Investigation Report ("PSR") for Romary recommended that he be sentenced as a career offender, based on two predicate felony convictions for crimes of violence. *See* United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov. 1998).[1] One of the predicate felony convictions was Romary's 1995 conviction for felony bank robbery, for which Romary was sentenced to sixty-three months imprisonment, followed by three years of supervised release. The parties, and the court, agree that the 1995 conviction should be counted towards Romary's potential career offender status under § 4B1.1.

The second predicate felony conviction which the PSR recommended count towards classifying Romary as a career offender was Romary's 1987 conviction for breaking and entering. Romary was originally sentenced to ten years imprisonment, suspended, with five years probation for the 1987 conviction. In 1992, Romary's probation was revoked and the court "activated" his ten-year sentence of imprisonment. At sentencing for the underlying 1999 convictions, the defendant argued that the 1987 conviction should not count towards designating him a career offender. The district court agreed and found that Romary did not meet the specifications of a career offender under § 4B1.1. The government appealed. "We review a question involving the legal interpretation of Guidelines terminology and the application

---

[1]All references herein to the Guidelines refer to the 1998 edition, the edition in effect at the time of Romary's sentencing for Romary's 1999 convictions. See § 1B1.11(a).

of that terminology to a particular set of facts *de novo*, as a matter of law." *United States v. Wessells*, 936 F.2d 165, 168 (4th Cir. 1991).

II.

There are three prerequisites in order to find that a defendant is a career offender. *See* § 4B1.1 ("Career Offender section"). Only one of these prerequisites is contested herein, namely, whether the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* The parties agree that the defendant's 1995 felony conviction constitutes a prior felony conviction within the meaning of the Career Offender section. *See* § 4B1.2. The only contested matter is whether the defendant's 1987 breaking and entering conviction can be counted as a "prior felony conviction" for the purposes of the Career Offender section, § 4B1.1.

As with most sections of the Guidelines, there are various application notes, definitions, and cross-references which apply to the Career Offender section. The term "prior felony conviction" is defined, in relevant part, as "a prior adult federal or state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of . . . the actual sentence imposed." § 4B1.2, comment (n.1). The defendant's 1987 conviction meets the Guidelines definition of "prior felony conviction."

The term "crime of violence" is defined to include a crime that is punishable by imprisonment for a term exceeding one year and is a burglary of a dwelling. *See* § 4B1.2(a). The defendant's 1987 conviction meets the Guidelines definition of "crime of violence."

Thus, the defendant's 1987 conviction can fairly be called a "prior felony conviction of a crime of violence." § 4B1.1. The only remaining question is whether this prior felony conviction of a crime of violence properly can be counted as one of the two predicate felony convictions needed to trigger the Career Offender section. The determination of whether convictions are counted under § 4B1.1 is governed by the provisions of § 4A1.2.[2]  *See* § 4B1.2, comment (n.3).

---

[2] In other words, the same definitions and instructions for computing criminal history category apply with equal force to determining whether to count convictions under the career offender section.

Section 4A1.2(e) outlines the applicable time period to be used for determining whether to count a prior felony conviction under the Career Offender section, and makes such determination based on the sentences imposed. Section 4A1.2(e) states, in pertinent part:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

(3) Any prior sentence not within the time periods specified above is not counted.

Thus, in order to count the defendant's 1987 prior felony conviction, the sentence imposed in conjunction therewith must meet the above-quoted requirements of either § 4A1.2(e)(1) or (2).

The defendant was twice sentenced in connection with the 1987 conviction. The first sentence came in 1987, when the defendant was sentenced to ten years of imprisonment, suspended, with five years of supervised probation ("original sentence"). The second sentence was imposed in 1992, when the court revoked the defendant's probation and activated the original ten-year sentence. We undertake herein to determine whether either of these sentences for the 1987 conviction meet the applicable limitations listed in 4A1.2(e) and, consequently, permit the 1987 conviction to be counted under the Career Offender section, 4B1.1.

A.

The original sentence was ten years imprisonment, suspended, and five years probation. A sentence of imprisonment is defined to

exclude any portion thereof which is suspended. *See* § 4A1.2(b)(2). Accordingly, the original ten-year sentence imposed for the 1987 conviction could not count as a "sentence of imprisonment" exceeding one year and one month, as is required by § 4A1.2(e)(1) for sentences imposed within fifteen years of the instant offense (the 1999 bank robberies). Nor could the original sentence meet the requirements of § 4A1.2(e)(2), because it was imposed more than ten years prior to the instant offense conduct. Thus, the original sentence for the 1987 conviction would not permit the 1987 conviction to be counted. *See* § 4A1.2(e)(3).

Had the original sentence been the only sentence attributable to the 1987 conviction, the 1987 conviction could not be counted under the Career Offender section. The original sentence, however, was not the only sentence imposed in conjunction with the 1987 conviction. We now turn to the second sentence, imposed in 1992.

## B.

In 1992, the defendant's supervised probation was revoked and the court activated the original ten-year sentence. The 1992 imposition of an active ten-year sentence meets the Guidelines definition of a "sentence of imprisonment." *See* § 4A1.2(b). Thus, the defendant was sentenced in 1992 to a sentence of imprisonment that exceeded one year and one month.[3] However, in order for this prior sentence of imprisonment to be relevant for purposes of the Career Offender section, the sentence must be linked to a prior felony conviction for a crime of violence. We have already established that Romary's 1987 conviction is a prior felony conviction for a crime of violence, so the only remaining question is whether the sentence of imprisonment imposed in 1992 can be attributed to the 1987 conviction. If the 1992 sentence of imprisonment is attributable to the 1987 conviction, then the sentence for the 1987 conviction falls within the applicable time period

---

[3]How much time of the 1992 ten-year sentence that the defendant actually served in prison does not affect the counting of the sentence as a ten-year sentence, *see, e.g.*, § 4A1.2, comment (n.2) (sentence pronounced, not actual time served, is relevant), unless the sentence was suspended, *see* § 4A1.2(b). There is no record that any portion of the 1992 sentence was actually suspended.

of § 4A1.2(e)(1), and the conviction can be counted towards the calculation of the defendant's career offender status.

Postrevocation penalties are attributed to the original conviction. *See United States v. Johnson*, 120 S. Ct. 1795, 1801 (2000). In *Johnson*, the Supreme Court held that consideration of the sentence imposed at revocation as punishment for the violation of conditions of supervised release, rather than as punishment for the original conviction, would raise "serious constitutional questions." *Id*. at 1800. Pursuant to *Johnson*, Romary's 1992 postrevocation sentence is attributable to the 1987 prior felony conviction. Accordingly, the 1987 prior felony conviction carried with it, in the form of the 1992 sentence imposition, a "prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense." § 4A1.2(e)(1). Also, pursuant to *Johnson* and § 4A1.2(e)(1), the 1987 conviction is one "that resulted in the defendant being incarcerated [in 1992] during any part of such fifteen-year period." § 4A1.2(e)(1). The 1987 conviction, therefore, should have been counted in the district court's application of the Career Offender section, 4B1.1, to the defendant.

## III.

For the foregoing reasons, the defendant's sentence is vacated and the matter is remanded to the district court for re-sentencing of the defendant in accordance with this opinion.

*VACATED AND REMANDED*