**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5151**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN MICHAEL MCDOWELL,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Chief District Judge. (CR-04-250)

———————

Submitted: August 31, 2006                    Decided: September 5, 2006

———————

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Kimlani S. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Michael McDowell pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). The district court sentenced McDowell to 188 months' imprisonment, four years of supervised release, and ordered payment of a $100 statutory assessment.[*] McDowell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in ordering certain sex offense conditions as part of McDowell's supervised release term. McDowell, pro se, has asserted error in the district court's inclusion of his prior convictions for taking indecent liberties with a minor and breaking and entering as predicate offenses to support McDowell's career offender status.

We find no error by the district court with regard to imposition of the challenged conditions as part of McDowell's supervised release terms. The district court here imposed such conditions based on McDowell's previous criminal history, and for the expressly stated purpose of protecting the public. See 18 U.S.C. § 3553(a)(2)(C) (2000); 18 U.S.C.A. § 3583(d) (West 2000 &

_____

[*]The probation officer calculated McDowell's sentencing guideline range to be 188 to 235 months' imprisonment, founded on a total offense level of 31 and a criminal history category of IV.

Supp. 2006).  We find no abuse of discretion in the inclusion of the challenged conditions of supervised release.  <u>United States v. Dotson</u>, 324 F.3d 256, 260 (4th Cir. 2003) (standard).  Nor do we find any error in the district court's inclusion of the challenged prior convictions as predicate offenses for supporting McDowell's career offender status under <u>U.S. Sentencing Guidelines Manual</u> § 4B1.2(a).  <u>See</u> <u>United States v. Pierce</u>, 278 F.3d 282, 289-90 (4th Cir. 2002) (indecent liberties); <u>United States v. Romary</u>, 246 F.3d 339, 342 (4th Cir. 2001) (breaking and entering).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm McDowell's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>