**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4690**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JULIE RENEE STEWART,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:08-cr-00219-TDS-2)

Submitted: May 28, 2010                Decided: June 18, 2010

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julie Renee Stewart pled guilty to conspiracy to possess pseudoephedrine for the purpose of manufacturing methamphetamine, 21 U.S.C.A. §§ 841(c)(2), 846 (West 1999 & Supp. 2010), and was sentenced to a term of fifty months imprisonment.[1]  Stewart contends on appeal that the district court incorrectly calculated her criminal history by adding her probation revocation sentence to her original suspended sentence of imprisonment, USSG §§ 4A1.1(b), 4A1.2(a)(1), (k).  We affirm.

In the presentence report, Stewart received two criminal history points under USSG § 4A1.1(b) for the sentences she received for two misdemeanors on March 15, 2001.  For the first misdemeanor conviction, Stewart received 20 days imprisonment, and for the second conviction she received a suspended 45-day sentence and two years of supervised probation.  Stewart's probation was revoked in 2003 and the 45-day sentence was activated.  The probation officer counted the combined sentence of 65 days imprisonment as a single sentence.  Stewart objected that the 20-day sentence and the 45-day sentence should be counted separately and that each should be assigned one

---

[1] Stewart's advisory guideline range was 84-105 months.  The district court departed downward for substantial assistance, on the government's motion, pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2008).

2

criminal history point under § 4A1.1(c).  Because only four criminal history points may be awarded under § 4A1.1(c), and Stewart had more than four other sentences which each rated one point under subsection (c), the change would have had the effect of reducing her actual criminal history score by two points and lowering her criminal history category from IV to III.

The probation officer responded that § 4A1.2(a)(2)(B) currently provides that prior sentences imposed on the same day, or for offenses charged in the same document, are counted as a single sentence if there was no intervening arrest.  The probation officer also relied on § 4A1.2(k)(1), which directs: "In the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation [and] . . . [use] the resulting total . . . to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable."

At the sentencing hearing, Stewart argued that the two misdemeanors were separately charged and that her 20-day sentence and 45-day sentence were imposed on different dates. In support of the latter argument, Stewart relied on language in United States v. Romary, 246 F.3d 339 (4th Cir. 2001), a case in which the issue was whether a defendant qualified for sentencing as a career offender when one of his predicate sentences--a suspended 10-year sentence--came within the 15-year applicable

3

time period by virtue of the fact that his probation was subsequently revoked and the sentence activated. In considering the issue, this court in Romary at one point referred to the suspended sentence as "the original sentence" and the probation revocation sentence as "the second sentence."

The district court rejected Stewart's objection, finding that the prior sentences were imposed on the same day and that the revocation sentence was properly treated as part of the original sentence under USSG § 4A1.2(k)(1) and Application Note 11. The court observed that Romary was consistent with the current guidelines when it stated that post-conviction penalties were attributable to the original conviction on constitutional grounds.

On appeal, Stewart renews her argument that the two prior sentences should have been counted separately because the offenses were not charged in the same charging instrument, and her 20-day sentence was not imposed on the same day as her 45-day revocation sentence.[2] A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).

---

[2] Stewart does not argue that an intervening arrest separated the two offenses.

4

As the district court found, § 4A1.2(k)(1) requires the court to treat a revocation sentence as part of the original sentence. Stewart first argues that § 4A1.2(k)(1) does not require the 45-day revocation sentence she received in 01-CR-50845 be added to the 20-day active sentence she had previously received in 01-CR-50844 because there was no probation revocation in 01-CR-50844. However, the language of § 4A1.2(k)(1) and its commentary is unambiguous, and does not require, when two prior sentences were imposed on the same date, that both entail a later probation violation. Second, Stewart again argues that Romary supports her position. It does not. The focus in Romary was whether the date of the revocation sentence brought the original sentence within the applicable time period to make it countable for career offender purposes, not whether the revocation sentence was part of the original sentence under § 4A1.2(k)(1). We conclude that the district court correctly applied the relevant guidelines, that no procedural error was committed by the district court, and that the sentence was otherwise reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

5

materials before the court and argument would not aid the decisional process.

AFFIRMED