## UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

### No. 13-4096

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

BILLY DEAN TESSENEER,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:11-cr-00029-MR-1)

Submitted:  September 24, 2013        Decided:  October 2, 2013

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dianne K. Jones McVay, JONES MCVAY LAW FIRM, PLLC, Charlotte,
North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Dean Tesseneer pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2013). He was designated a career offender and sentenced to 220 months' imprisonment, a term towards the top of his advisory Guidelines range. Tesseneer timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no nonfrivolous grounds for appeal, but questioning Tesseneer's career offender designation and the reasonableness of his within-Guidelines sentence. In his pro se supplemental brief, Tesseneer challenges the calculation of his advisory Guidelines range, including enhancements to his offense level and the drug quantity attributed to him, asserts claims of ineffective assistance of counsel, and states that he did not see the final presentence report ("PSR") until the day of sentencing. For the reasons that follow, we affirm.

We review Tesseneer's sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory

2

Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the defendant's properly calculated Guidelines range, we apply a presumption of substantive reasonableness. United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010); see Rita v. United States, 551 U.S. 38, 347 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Defense counsel questions whether the district court erred by relying on Tesseneer's 1992 state conviction for possession of marijuana with intent to sell and deliver as a predicate offense for career offender designation. To qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "prior felony conviction" is "a prior adult federal or state conviction for an

3

offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2 cmt. n.1.

Here, there is no question that the offense was punishable by more than a year in prison, because Tesseneer was sentenced to five years of imprisonment, although the active sentence was initially suspended and he ultimately only served eleven months of imprisonment. Furthermore, it is undisputed that the conviction was for a controlled substance offense. See USSG § 4B1.2(b) (defining "controlled substance offense").

Counsel's basis for questioning whether Tesseneer's 1992 felony conviction for possession with intent to sell and deliver marijuana supports the career offender designation is two-fold: (1) it did not occur within fifteen years of his instant offense and (2) Tesseneer was only incarcerated for a total of eleven months. Despite its relative age, the 1992 marijuana conviction was properly counted. Section 4A1.2 governs whether prior felony convictions are counted under USSG § 4B1.1 as predicate offenses for career offender designation. USSG § 4B1.2 cmt. n.3. A prior conviction is included as a predicate offense for purposes of career offender designation if the "prior sentence of imprisonment exceed[ed] one year and one month, whenever imposed, [and] resulted in the defendant being

4

incarcerated during any part of" the fifteen years preceding the commencement of his instant offense. USSG § 4A1.2(e)(1). A sentence of imprisonment does not include the portion of a sentence that was suspended. USSG § 4A1.2(b)(2).

Tesseneer's five-year prison term for his 1992 conviction was initially suspended. Thus, it would not qualify as a "sentence of imprisonment" for purposes of career offender designation. However, when Tesseneer's probation was revoked, he received an active sentence of five years' imprisonment[*] and was incarcerated until February 1994. Given that the instant offense conduct occurred fourteen years and eleven months later, in January 2009, Tesseneer was incarcerated for his 1992 conviction during the applicable fifteen-year look-back period. See United States v. Hackley, 662 F.3d 671, 686 (4th Cir. 2011) ("[A]lthough ordinarily a prior conviction only counts toward a defendant's criminal history if the sentence on the conviction was 'imposed within fifteen years of the defendant's commencement of the instant offense,' convictions imposed earlier are also counted if the sentence exceeded one year and

---

[*] Even though Tesseneer ultimately served only eleven months of his active five-year sentence, his "sentence of imprisonment" is based on the pronounced sentence rather than the length of time he served. Cf. USSG § 4A1.2 cmt. n. 2.

5

one month and 'resulted in the defendant being incarcerated during any part of such fifteen-year period.'" (quoting USSG § 4A1.2(e))), cert. denied, 132 S. Ct. 2703 (2012); see also United States v. Romary, 246 F.3d 339, 343-44 (4th Cir. 2001) (holding that "[p]ostrevocation penalties are attributed to the original conviction").  Accordingly, we discern no error, plain or otherwise, in the court's use of the 1992 conviction as a predicate offense for purposes of career criminal designation.

We have thoroughly reviewed the record and conclude that Tesseneer's sentence is both procedurally and substantively reasonable.  Our review disclosed no error in the district court's computation of Tesseneer's Guidelines range, including the career offender designation, the opportunities it provided Tesseneer and his counsel to speak in mitigation, or its explanation of the sentence imposed by reference to the relevant § 3553(a) factors.  In addition to noting its overall consideration of the relevant sentencing factors, the district court opined that the 220-month sentence was appropriate given the seriousness of Tesseneer's offense; Tesseneer's recidivism and demonstrated lack of respect for the law; and the need to impose a just punishment that would protect the public and deter future criminality.  Finally, we have found no basis in the record to overcome the presumption of reasonableness accorded this within-Guidelines sentence.

We have reviewed the issues raised in Tesseneer's pro se supplemental brief and find them to be without merit. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Tesseneer, in writing, of the right to petition the Supreme Court of the United States for further review. If Tesseneer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tesseneer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>