**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 20-4011**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

DAVID CHRISTOPHER STUART,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:18-cr-00181-FL-1)

_____

Submitted: May 7, 2021                      Decided: June 21, 2021

_____

Before AGEE, HARRIS and RUSHING, Circuit Judges.

_____

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Harris and Judge Rushing join.

_____

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

AGEE, Circuit Judge:

David Christopher Stuart challenges his 130-month sentence for robbing, and assaulting with a dangerous weapon, a person in custody of mail matter, money, or other personal property of the United States, in violation of 18 U.S.C. § 2114(a). On appeal, Stuart asserts the district court committed procedural error in computing his criminal history score for purposes of determining his advisory range under the United States Sentencing Guidelines. Specifically, he contends the court should have assigned a prior state conviction fewer points, which would have resulted in a lower criminal history score and, consequently, a lower final Guidelines range. For the reasons set forth below, we affirm the judgment of the district court.

I.

A.

Because Stuart does not challenge his conviction, we only briefly recount his offense. On June 6, 2018, Stuart entered the U.S. Post Office in Turkey, North Carolina, and robbed the clerk of $173 and a cell phone. During the offense, Stuart brandished what was later determined to be an Airsoft pellet gun. Although Stuart fled the scene, the next day he surrendered to authorities and, after being read his *Miranda*[1] rights, admitted to robbing the post office to obtain money to purchase methamphetamine. In November 2018,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

a federal grand jury indicted Stuart for robbing an individual lawfully in charge of mail matter, money, or other property belonging to the United States and, during the course of that robbery, assaulting the postal employee "by the use of a dangerous weapon," in violation of 18 U.S.C. § 2114(a). Stuart pleaded guilty without the benefit of a written plea agreement, and the district court accepted the plea.

B.

After Stuart's plea, the probation officer prepared Stuart's presentence report ("PSR"), which included a recommendation on scoring Stuart's past convictions to determine his criminal history category. To understand the procedural history and issue on appeal, a fuller discussion of the relevant Guidelines provisions is warranted.

The Guidelines assign points for a defendant's "prior sentence[s] of imprisonment" based on the sentence's length and type (e.g., served or suspended). USSG §§ 4A1.1 and 4A1.2. At the outset, "prior sentence" is a defined term, meaning "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." USSG § 4A1.2(a)(1). A prior sentence with a shorter term of imprisonment receives fewer points than longer terms, USSG § 4A1.1, and if a sentence was "totally suspended or stayed," it is assigned one point even if its length would otherwise result in more points, USSG §§ 4A1.2(a)(3) and 4A1.1(c).

Further, while many past convictions are treated as distinct prior sentences and assigned points separately, others are combined before assigning points, meaning that they are treated as a single sentence. USSG § 4A1.2. For example, when sentences are "imposed for offenses that were separated by an intervening arrest," then those sentences "always are

3

counted separately." USSG § 4A1.2(a)(2). Relatedly, § 4A1.2(k) of the Guidelines relates to "revocations of probation and other conditional sentences," USSG § 4A1.2 cmt. n.11, and provides that revocation sentences are added to the original term of imprisonment and thus treated as one prior sentence when determining the length of that sentence and its corresponding criminal history points. Application note 11 to § 4A1.2 clarifies that if, "at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation."

C.

Under this framework, Paragraph 27 of Stuart's PSR assigned three points to a North Carolina state offense he committed on July 30, 2015: possession with intent to manufacture, sell, or deliver methamphetamine (the "Paragraph 27 Offense"). The PSR recounted that Stuart pleaded guilty to this offense on November 13, 2015 and was initially sentenced to "6 to 17 months custody, suspended, 36 months probation," but on May 10, 2016, the court revoked his probation and sentenced him to "6 to 17 months custody." J.A. 89. Stuart's post-release supervision for that offense began on January 14, 2017, but in the fall of 2017 his post-release supervision was revoked again and he served another nine months in custody. Stuart was later released upon serving all components of his sentence for the Paragraph 27 Offense on March 15, 2018.

Stuart's suspended sentence for the Paragraph 27 Offense had been reactivated at the same May 10, 2016, hearing during which he was sentenced for a second state methamphetamine offense described in Paragraph 28 of the PSR (the "Paragraph 28 Offense"). This later offense occurred on September 11, 2015 and led to his arrest on

4

November 21, 2015. The PSR reflects the following sentencing chronology: on May 10, 2016, Stuart pleaded guilty to the Paragraph 28 Offense and was sentenced to "11 to 23 months custody" followed by post-release supervision beginning on January 14, 2017. J.A. 90. In the fall of 2017 his post-release supervision was revoked and he was released as having served all components of his sentence for the Paragraph 28 Offense on March 15, 2018. The PSR assigned three points to Stuart's criminal history score for the Paragraph 28 Offense, and those three points were not challenged below and are not challenged now on appeal.

Stuart objected to the PSR's assignment of three points for the Paragraph 27 Offense, arguing that it and the Paragraph 28 Offense should be treated as a "single sentence" under the Guidelines. This was so, in his view, because the Paragraph 27 Offense sentence was "activated" at the same sentencing hearing at which the Paragraph 28 Offense sentence was imposed:

> Stuart objects to the 3 levels attributed [for the Paragraph 27 and 28 Offenses] (6 criminal history points total). On May 10, 2016, [the Paragraph 27 Offense's] sentence was activated in the same county courthouse, and by the same judge as [the Paragraph 28 Offense]. His post-release supervision began for both on January 14, 2017, and the final release date for both cases was March 15, 2018. The defendant asserts he should receive 3 points for Paragraph 28 and none for Paragraph 29 [sic] per USSG § 4A1.2(a)(2). Accordingly, his resulting criminal history score should be 10, not 13.

J.A. 98.

The probation officer declined to amend the PSR, observing that the scoring was consistent with USSG §§ 4A1.1(a) and 4A1.2(a)(2) because the Paragraph 27 and Paragraph 28 Offenses were for separate drug offenses that occurred on separate days and

5

were separated by an intervening arrest. At bottom, the probation officer concluded that activating the Paragraph 27 Offense's sentence and imposing the Paragraph 28 Offense's sentence "on the same date for the convenience of the court does not [mean that they] constitute a single sentence." J.A. 98–99. Accordingly, the probation office maintained that it was proper to separately score each offense with three points.

Stuart unsuccessfully renewed his objection at the sentencing hearing. Once again, he argued that on May 10, 2016, the same state judge "with the same state attorney and the same defense attorney" activated the Paragraph 27 sentence and imposed the Paragraph 28 sentence. J.A. 55. Stuart asserted that "they're related, and it should only be one three points," which would lower his criminal history category as well. J.A. 56. The district court overruled the objection for the same reasons provided by the probation officer.

Because the district court ruled that the Paragraph 27 Offense should count as three points toward Stuart's criminal history, Stuart's total points placed him in Criminal History Category VI. Stuart's criminal history, coupled with his offense level, yielded a Guidelines range of 130 to 162 months' imprisonment. After hearing additional evidence and argument, the district court sentenced Stuart to the lowest within-Guidelines sentence: 130 months' imprisonment.

Stuart noted a timely appeal, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

II.

A.

6

On appeal, Stuart again challenges the computation of his criminal history category, but he frames the issue in different terms than what he had argued to the district court and also in different terms within his briefing to this Court. Stuart's issue statement in his opening brief aligns with his argument before the district court, focusing on the single sentencing hearing at which the Paragraph 27 Offense sentence was activated and the Paragraph 28 Offense sentence was imposed:

> If a defendant has a prior state sentence that was fully suspended at the time that the state court imposed it, and the state court proceeding that later converted it into an active sentence occurred on the same day that the state court sentenced the defendant for another conviction, should both sentences receive three criminal history points under Sections 4A1.1 and 4A1.2 of the United States Sentencing Guidelines?

Appellant's Br. 1. Later, however, Stuart reframes the issue in terms of the lack of an intervening arrest between the time of the activated Paragraph 27 Offense sentence and the imposition of the Paragraph 28 Offense sentence:

> If a state court activates a fully suspended sentence on the same day that it imposes a sentence for a different conviction, *and no intervening arrest separates the conduct underlying the sentence activation from the conduct underlying the different conviction*, then the Sentencing Guidelines require the district court to treat the first sentence as still suspended and assign it only one criminal history point.

Appellant's Br. 8 (emphasis added). That argument also shifts the requested relief from the Paragraph 27 and 28 Offenses being treated as a single sentence assigned a total of three criminal history points to their being two prior sentences awarded one and three points, respectively.

To the extent Stuart's argument on appeal rests on whether there needed to be an intervening arrest between the conduct resulting in the activation of his Paragraph 27

7

Offense sentence and the conduct giving rise to the Paragraph 28 Offense, he did not make that argument to the district court. As such, the district court was never required to make factual findings to this effect or consider the potential legal significance of those findings. Failing to preserve an argument for appeal normally results in the Court reviewing the matter for plain error. *See United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) ("To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal.").

We need not parse which aspects of the overarching issue Stuart has preserved or waived, however, because Stuart's argument fails even if we were to apply the traditional de novo review to his entire argument. *See United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017).

B.

We conclude that the plain language of the Guidelines forecloses Stuart's argument that the district court should not have assigned the Paragraph 27 Offense three criminal history points. Of paramount significance, § 4A1.2(a)(2) explicitly provides that "[p]rior sentences *always are counted separately* if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." USSG § 4A1.2(a)(2) (emphasis added). Applied here, the PSR demonstrates that Stuart was arrested for the Paragraph 27 Offense on July 30, 2015, for conduct committed on that date. Then, he was arrested on November 21, 2015 for the Paragraph 28 Offense, for conduct that occurred in September 2015. The only logical conclusion from this timeline of events is that the conduct giving rise to the

8

Paragraph 27 and Paragraph 28 Offenses were "separated by [Stuart's] intervening arrest" on July 30, 2015. *Cf. id.* Section 4A1.2(a)(2) thus supports the district court's decision to count the Paragraph 27 and Paragraph 28 Offenses separately.

Our prior § 4A1.2(a)(2) case law bolsters this conclusion. *See United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999) (holding, under a substantively identical former version of § 4A1.2, that where a defendant was arrested for his first offense one month before committing his second offense, the former "is clearly an intervening arrest" and the offenses should be counted separately); *see also United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013) (describing the two versions of § 4A1.2 as having "no substantive difference," with both meaning that "two prior sentences count separately if the offenses were separated by an intervening arrest"). Because the Guidelines direct our attention to more than just the date of sentencing to determine whether a "prior sentence" should be treated separately or as a single sentence, and because § 4A1.2(a)(2) instructs that offenses are to be "counted separately if the sentences were imposed for offenses that were separated by an intervening arrest," Stuart's contrary argument fails. *See Davis*, 720 F.3d at 219.

Section 4A1.2(k) of the Guidelines, which relates to "revocations of probation and other conditional sentences," further supports this conclusion. USSG § 4A1.2 cmt. n.11. It provides that the original term of imprisonment and any term of imprisonment imposed upon revocation are to be aggregated, with the resulting total being used to compute the prior sentence's criminal history points. Application note 11 clarifies that a "sentence given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence," such that a total sentence of more than

9

one year and one month should be assigned three criminal history points. *Id.* Thus, when one offense yields both an originally served sentence and a separate revocation sentence following a violation of release, the two sentences are combined and treated as a single sentence for purposes of computing the offense's criminal history points. This part of § 4A1.2 is inapplicable to Stuart's criminal history calculation because he received only one sentence for the Paragraph 27 Offense, which was originally suspended, but later activated.

That said, how § 4A1.2 treats initial and revocation sentences clarifies the flaw in Stuart's argument. In that regard, application note 11 directly bears on Stuart's criminal history computation, stating: if, "at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." *Id.* When applied to Stuart's case, this Guidelines commentary specifically supports the conclusion that the Paragraph 27 and Paragraph 28 Offenses are distinct and their criminal history points should be "computed separately." In short, the state court's decision to activate the Paragraph 27 Offense sentence on the same day it imposed the Paragraph 28 Offense sentence does not mean that the offenses merge into a single sentence for purposes of calculating Stuart's criminal history points. To the contrary, applying the commentary language to § 4A1.2(k)(1), the two offenses were properly scored entirely separate from each other.

Stuart argues that § 4A1.2(k)(1) and application note 11 do not apply to him because a meaningful distinction exists between revocation sentences and activated sentences. We disagree. This Court has previously treated the activation of a suspended North Carolina

10

sentence as a revocation sentence for purposes of § 4A1.2(k)(1). *See United States v. Stewart*, 383 F. App'x 350, 352 (4th Cir. 2010) (per curiam) (applying § 4A1.2(k)(1) to an originally imposed sentence and later-activated North Carolina sentence). And while Stuart is correct that "totally suspended or stayed" sentences—no matter their length—are assigned one criminal history point under § 4A1.2(a)(3), he is incorrect that this provision applies to his Paragraph 27 Offense because doing so would ignore the state court's later activation of the original sentence. In short, the record at the time of preparing the PSR showed in fact that his Paragraph 28 Offense had not been "totally suspended or stayed," but rather had been served.

This reasoning is also consistent with how one of our sister courts of appeals has addressed a comparable argument made in the context of whether a defendant had two separate qualifying convictions supporting the Guidelines' career offender enhancement. In *United States v. Ellis*, 525 F.3d 960 (10th Cir. 2008), the Tenth Circuit rejected the defendant's assertion that the district court improperly designated him a career offender under USSG § 4B1.1 because two of his convictions should have been viewed as related offenses, meaning that they could not be counted as separate prior felony convictions. *Id.* at 965 (stating that for two convictions to count separately, they must have been "imposed in unrelated cases, *see* USSG § 4A1.2 (2006)"). The defendant asserted that his two convictions were related because his sentences "were imposed at the same time." *Id.* The Tenth Circuit disagreed, observing that the two offenses were separated by an intervening arrest: the defendant had committed the first offense, been arrested for it, and then escaped from incarceration for the first offense. *Id.* The court concluded that this intervening arrest

11

meant that it was "irrelevant" that the sentencing court had entered two sentences at the same hearing, first "lifting the previously suspended portion of [the first offense's] sentence" and, second, imposing the escape offense's sentence. *Id.* Thus, § 4A1.2(k)(1) and its commentary language demonstrate the soundness of the district court's ruling— Stuart's activated sentence is properly viewed as part of the original sentence for the Paragraph 27 Offense and because that offense was separated by an intervening arrest from the conduct underlying the Paragraph 28 Offense, it is "irrelevant" that the state court activated the one sentence and imposed the other on the same date in the same hearing.

\* \* \* \*

For all these reasons, the district court appropriately assessed three separate criminal history points for the Paragraph 27 Offense.

III.

Because the district court did not commit procedural error in calculating Stuart's criminal history category or his corresponding Guidelines range, we affirm the judgment of the district court.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Stuart does not challenge the substantive reasonableness of his sentence.