# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-4070

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

REZELL ALSTON, IV,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00181-WO-1)

_____

Submitted: January 31, 2022                     Decided:  February 2, 2022

_____

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sarah M. Powell, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rezell Alston, IV, pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court imposed a below-Guidelines-range sentence of 84 months' imprisonment. On appeal, Alston contends that (1) his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019);[1] (2) his guilty plea was unknowing and involuntary; (3) his indictment was insufficient; (4) his Fourth Amendment rights were violated; (5) he does not have a qualifying predicate conviction under § 922(g)(1); and (6) his sentence is procedurally and substantively unreasonable. Finding no reversible error, we affirm.

We turn first to Alston's *Rehaif* claim.[2] In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Alston now argues that his conviction must be vacated because neither the indictment nor the factual basis in support of his guilty plea indicated that he knew he was a felon.

---

[1] The Supreme Court issued *Rehaif* after Alston filed his opening brief, and Alston raised his *Rehaif* claim for the first time in his reply brief. This appeal was then held in abeyance until the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021). Under the circumstances, we reject Alston's argument that the Government waived its right to contest his *Rehaif* claim by failing to analyze the implications of *Rehaif* during formal briefing.

[2] *Rehaif* impacts several of the claims Alston raised in his opening brief, including his challenges to his guilty plea and indictment. However, for the sake of clarity and to avoid repetition, we have consolidated our *Rehaif* analysis into a single discussion.

Because Alston did not raise this claim in the district court, we review for plain error. *Greer*, 141 S. Ct. at 2096. "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). Here, it is undisputed that a *Rehaif* error occurred and that the error was plain. The critical question is whether the error affected Alston's substantial rights.

"[A] *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. "When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.*

On appeal, Alston suggests that he might not have known of his felon status because of his limited education and lack of experience in the federal criminal justice system. However, Alston has his GED, and there is no indication in the record that he suffers from a learning disability or any intellectual limitations. Moreover, Alston's experience with the federal system is irrelevant to the question of whether he understood his felon status. *Cf. United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (holding that *Rehaif* does not require Government to prove that defendant knew his possession of firearm was prohibited, but only that he knew he had been convicted of a crime punishable by more

than one year imprisonment). There is thus no reason to believe that Alston's education or federal experience would have prevented him from understanding his status.

Alston also claims that he might not have known of his felon status because he only received a sentence of probation for the offense the Government listed as his § 922(g)(1) predicate. This claim is misleading at best. The predicate offense listed in the factual basis is Alston's prior North Carolina conviction for assault with a deadly weapon with intent to kill. For this offense, Alston received a suspended sentence of 29 to 44 months' imprisonment, plus 36 months' supervised probation, and 30 days' imprisonment as a term of special probation. Alston's probation was subsequently revoked, and he was required to serve his original sentence of 29 to 44 months. Moreover, Alston has another prior conviction of felony elude arrest with a motor vehicle, for which he received an active sentence of 11 to 23 months.[3]

Alston was continuously incarcerated from June 2013 to July 2016 and then incarcerated again from December 2016 to June 2017. He was arrested on the instant offense in January 2018, only six months after his most recent release from incarceration. Alston also admitted during his Fed. R. Crim. P. 11 hearing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, and he has never

---

[3] The fact that the Government did not rely on the felony elude arrest conviction as the § 922(g)(1) predicate in Alston's factual basis is irrelevant to the question of whether the conviction contributed to Alston's knowledge of his felon status when he possessed the firearm. *See Greer*, 141 S. Ct. at 2098 ("[W]hen an appellate court conducts plain-error review of a *Rehaif* instructional error, the court can examine relevant and reliable information from the entire record—including information contained in a pre-sentence report.").

disputed his prior convictions. In light of this substantial evidence that Alston knew he was a felon, we conclude that he has not carried his burden of showing a reasonable probability that he would not have pled guilty but for the *Rehaif* error. *See Greer*, 141 S. Ct. at 2100.

We turn next to Alston's claim that, independent of the *Rehaif* error, his guilty plea was unknowing and involuntary. When, as here, the defendant did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the validity of the plea for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).[4] "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted); *see also Fields v. Att'y Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

On appeal, Alston claims that his guilty plea was unknowing and involuntary because he was pressured into pleading guilty, was not adequately informed about the law and facts of his case, and did not understand the consequences of the plea. These claims

---

[4] Based on our review of the record, we reject Alston's contention that the alleged error was structural or, in the alternative, that he preserved this claim.

5

are belied by the record. During the Rule 11 hearing, Alston attested that he had reviewed the indictment with his attorney; understood the charge against him; was fully satisfied with the services of his attorney; understood the consequences of pleading guilty; and was pleading guilty because he was, in fact, guilty. Each of these statements is granted a presumption of truthfulness, *Moussaoui*, 591 F.3d at 278, and Alston has not presented any evidence to rebut this presumption. Furthermore, a review of the plea transcript reveals that the district court fully complied with Rule 11. This, too, "raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted).

Alston correctly points out that he hesitated or asked questions multiple times during the Rule 11 hearing. However, on each of those occasions, the district court provided Alston with an opportunity to consult with counsel and then circled back to ensure that Alston understood the issue and did not have any more questions. And, on each occasion, Alston ultimately attested that he understood. Nothing occurred to suggest that Alston was incompetent, dissatisfied with counsel, or confused about the nature of the charge. Accordingly, the mere fact that Alston hesitated or asked questions is far from the "clear and convincing evidence" required to undermine the sworn statements he made during the Rule 11 hearing. *See Fields*, 956 F.2d at 1299.

Alston also contends that his guilty plea was involuntary because he did not have effective assistance of counsel, and he claims that the district court should have granted his motion to substitute counsel and asked him if he wished to withdraw his guilty plea. We disagree. The district court thoroughly inquired into Alston's motion to substitute counsel

and denied the motion only after determining that there was still sufficient attorney/client communication to permit counsel to present a cogent defense. *See United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011) (discussing factors for evaluating motion to substitute counsel). We therefore conclude that the district court did not err in denying Alston's motion to substitute counsel and that Alston has not established that a lack of competent counsel resulted in an involuntary guilty plea.[5]

Alston further claims that his guilty plea was invalid because he did not admit all of the elements of the § 922(g)(1) offense. Alston does not, however, identify which element he allegedly failed to admit. In addition to proving Alston's felon status and knowledge of that status, as established in *Rehaif*, the Government was only required to prove that Alston "knowingly possessed a firearm that was in or affecting commerce." *United States v. Moye*, 454 F.3d 390, 402 (4th Cir. 2006) (en banc); *see also* 18 U.S.C. § 922(g)(1). During the Rule 11 colloquy, Alston admitted that he possessed the firearms. Moreover, both the factual basis and the presentence report indicated that the firearms that Alston admitted possessing had traveled in interstate commerce, and Alston never objected to this fact. *See United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (recognizing that factual

---

[5] Alston also alleges that the district court's repeated warnings during the hearing on the motion to substitute counsel were cumulatively overbearing. However, considering the totality of the circumstances, including the fact that Alston was permitted to speak at length about his concerns, the thoroughness of the district court's inquiry, and Alston's admission that he and counsel were still communicating, we conclude that any error was harmless. *See Smith*, 640 F.3d at 598.

basis "may be established from anything that appears on the record" (internal quotation marks omitted)). Nothing more was needed to establish Alston's guilt.[6]

Alston next contends that his conviction should be vacated because (1) his indictment failed to identify the particular prior felony conviction that the Government used as the basis of the § 922(g)(1) charge; and (2) the traffic stop resulting in his arrest was unreasonable under the Fourth Amendment. We conclude, however, that Alston waived these nonjurisdictional challenges when he entered his valid, unconditional guilty plea. *See Moussaoui*, 591 F.3d at 279 ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (internal quotation marks omitted)).

We turn next to Alston's claim that his § 922(g)(1) conviction is constitutionally infirm because the predicate conviction is not punishable by more than one year imprisonment under the North Carolina Structured Sentencing Act ("the Act"). This argument is meritless. As we have explained, "[t]he Act creates felony sentences strictly contingent on two factors: the designated 'class of offense' and the offender's 'prior record level.'" *United States v. Simmons*, 649 F.3d 237, 240 (4th Cir. 2011) (en banc). Alston's predicate offense, assault with a deadly weapon with intent to kill, was a Class E felony, and his prior record level was II. Accordingly, Alston's presumptive sentencing range

---

[6] As discussed above, the Government failed to prove Alston's knowledge of his felon status, but this error did not affect Alston's substantial rights.

under the Act was 23 to 44 months' imprisonment. *See* N.C. Gen. Stat. § 15A-1340.17. Thus, as applied to Alston, the offense was punishable by up to 44 months' imprisonment.

Alston's attempt to argue that he actually faced less than a year in prison because, by suspending his original sentence, the North Carolina court imposed an "intermediate" rather than an "active" disposition is unavailing. As Alston admits, the sentencing court had the discretion to choose between an intermediate and an active disposition. N.C. Gen. Stat. § 15A-1340.17(c). Accordingly, regardless of the sentence the court ultimately imposed, Alston faced the possibility of a 44-month sentence. *See United States v. Kerr*, 737 F.3d 33, 38 (4th Cir. 2013) (stating that, in determining whether defendant's prior conviction qualifies as a § 922(g)(1) predicate offense, the relevant information is "[t]he maximum sentence the particular defendant faced—not the sentence actually imposed"). There is thus no question that the offense was punishable by more than one year.

Alston also claims that his sentence is procedurally and substantively unreasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). The review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally

reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

Alston alleges that the district court procedurally erred in calculating his criminal history score when it assigned points based on his prior revocation sentences. Alston acknowledges that the Sentencing Guidelines provide that, "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release," criminal history points are computed by "add[ing] the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S. Sentencing Guidelines Manual § 4A1.2(k)(1) (2018). He argues, however, that this provision does not apply to his revocation sentences because, in North Carolina, revocation simply activates a prior sentence that was previously suspended rather than imposing a new sentence. We recently rejected this argument in *United States v. Stuart*, 1 F.4th 326, 331-32 (4th Cir. 2021), holding that, for the purposes of § 4A1.2(k)(1), no "meaningful distinction exists between revocation sentences and activated sentences." The district court therefore did not err in including Alston's prior revocation sentences in its calculation of criminal history points.[7]

---

[7] Alston also claims that the district court made "a separate and distinct error" by treating multiple revocations based on the same violation conduct as a single action, pursuant to USSG § 4A1.2 cmt. n.11, even though the state court imposed multiple revocation sentences. We recognize that there is currently a circuit split as to whether to apply USSG § 4A1.2 cmt. n.11 under these circumstances. *Compare United States v. Streat*, 22 F.3d 109, 111-12 (6th Cir. 1994) *with United States v. Norris,* 319 F.3d 1278, 1288 (10th Cir. 2003), *overruled on other grounds by United States v. Plakio*, 433 F.3d 692 (10th Cir. 2005). However, we decline to address the issue here because Alston's criminal history score would be the same under either approach, and thus any error would have been harmless.

Alston further contends that the district court erroneously assigned one point to his prior misdemeanor conviction for resisting a public officer. For that conviction, Alston received a 30-day suspended sentence and 23 months of unsupervised probation. A conviction for resisting a public officer only counts toward a criminal history score if it is similar to the instant offense or the sentence included "a term of probation of more than one year or a term of imprisonment of at least thirty days." USSG § 4A1.2(c)(1). Despite Alston's argument to the contrary, we conclude that his term of unsupervised probation qualifies as "probation" under § 4A1.2(c)(1). *See Harris v. United States*, 204 F.3d 681, 682-83 (6th Cir. 2000); *United States v. Lloyd*, 43 F.3d 1183, 1188 (8th Cir. 1994). The district court thus also did not err in assigning a criminal history point for this conviction.

Alston next argues that the district court erred in applying the four-point enhancement under USSG § 2K2.1(b)(6)(B) for using a firearm in connection with another felony offense, in this case, a shooting that occurred several hours before Alston's arrest. According to Alston: (1) there was insufficient evidence connecting him with the shooting; (2) there was insufficient evidence that the shooting constituted a felony; and (3) the shooting was not "relevant conduct" to the offense of conviction under USSG § 1B1.3(a). We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. Sosa-Carabantes*, 561 F.3d 256, 259 (4th Cir. 2009). Our review of the record reveals that each of Alston's claims is meritless and that the district court did not err in applying the enhancement. In any event, such error would have been harmless because, even without the enhancement, it is clear from the record that the district court

would have imposed the same sentence and that the sentence would have been reasonable. *See United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019).

Finally, Alston claims that his sentence is substantively unreasonable. "A review for substantive reasonableness takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). Here, nothing in the record rebuts the presumption of reasonableness afforded to Alston's below-Guidelines-range sentence.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*