**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4076

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREVOR DEAN WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:22-cr-00152-1)

_____

Submitted:  August 22, 2024                           Decided:  August 26, 2024

_____

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Charleston, West Virginia, Courtney L. Finney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trevor Dean Williams pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  The district court sentenced Williams to 120 months' imprisonment.  Williams appeals.  Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the district court's computation of Williams' sentence and its denial of Williams' request for a downward variance sentence.[2]  Although advised of his right to file a pro se supplemental brief, Williams has not filed a brief.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  First, we must determine whether the sentence is procedurally reasonable. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  "A sentence based on an improperly calculated Guidelines range is

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new penalty provision does not apply in this case, however, because Williams committed his offense before the June 25, 2022, amendment to the statute.

[2] After the briefing period expired, counsel moved for leave to file a supplemental brief to raise a challenge to the constitutionality of § 922(g) following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  He has since conceded that this argument is foreclosed by our recent decision in *United States v. Canada*, 103 F.4th 257 (4th Cir. 2024).  Although we grant leave to file the supplemental brief, we agree with counsel that *Canada*, in which we squarely rejected a challenge to the facial constitutionality of § 922(g), *id.* at 258-59, forecloses this claim.

procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[ ] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). We "will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

Our review of the record convinces us that the district court did not plainly err in assigning Williams a base offense level of 24 due to his having committed this § 922(g) offense after sustaining two prior felony convictions for a crime of violence or a controlled substance offense based on his prior convictions in Kentucky for second degree assault, Ky. Rev. Stat. Ann. § 508.020 (West 2024), and for trafficking in controlled substances in the first degree, Ky. Rev. Stat. Ann. § 218A.1412 (West 2024). *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(1); *see also United States v. Collins*, 799 F.3d 554, 597 (6th Cir. 2015) (finding no error in considering Kentucky conviction for second degree assault a crime of violence). Nor did the district court plainly err by increasing Williams' offense level by two levels for possessing a stolen firearm, USSG § 2K2.1(b)(4)(A), or by two levels for possessing three or more firearms, USSG § 2K2.1(b)(1)(A). *See United States v. Horsley*, 105 F.4th 193, 219 (4th Cir. 2024) (providing standard).

3

Williams challenges the enhancement to his offense level for possession of a firearm in connection with a felony offense. A defendant faces a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is possessed in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *see United States v. McKenzie-Gude*, 671 F.3d 452, 463-64 (4th Cir. 2011). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *McKenzie-Gude*, 671 F.3d at 464 (internal quotation marks omitted). We conclude that the district court did not clearly err here. There was sufficient evidence to apply the enhancement due to Williams' statements to the police officers as well as the drug paraphernalia found in Williams' apartment where the firearms were also found. *See* USSG § 2K2.1 cmt. n.14(B) (when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," the firearm necessarily "has the potential of facilitating another felony offense").

Williams also questions the propriety of adding separate criminal history points for each of two prior sentences that were imposed on the same day. Because the prior sentences were "imposed for offenses that were separated by an intervening arrest," USSG § 4A1.2(a)(2), the district court appropriately counted the sentences separately, *United States v. Stuart*, 1 F.4th 326, 331 (4th Cir. 2021).

Accordingly, we conclude that the district court correctly computed Williams' total offense level and his criminal history category and correctly determined that his advisory

4

Guidelines range was 120 months. *See* USSG § 5G1.1(a) (providing that, where applicable Guidelines range exceeds the statutory maximum, the statutory maximum "shall be the [G]uideline[s] range"). We further conclude that Williams' sentence is both procedurally and substantively reasonable. After calculated the applicable advisory Guidelines range, the court considered the parties' sentencing arguments and adequately explained its reasons for the sentence imposed. The district court considered Williams' arguments in favor of a downward variance, but found that, upon its consideration of the sentencing factors—especially the nature of the offense and Williams' history and characteristics—a sentence of 120 months' imprisonment was appropriate to satisfy the sentencing goals of 18 U.S.C. § 3553(a). We conclude that the district court did not err or abuse its discretion in sentencing Williams.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*